BURGER DRILLING COMPANY, INC., APPELLANT, V. RALPH
BAUMAN, INDIVIDUALLY AND DOING BUSINESS AS BAUMAN OIL &
GAS PROPERTIES, ET AL., APPELLEES.

492 N.W.2d 5

Filed November 6, 1992.    No. S-90-120.

John D. Hartigan and Michael A. Harsh, of Kennedy, Holland, DeLacy & Svoboda, for appellant.

Michael R. Dunn and Richard L. Halbert, of Halbert & Dunn, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Plaintiff-appellant, Burger Drilling Company, Inc. (Burger), a Texas corporation, filed an amended petition in the district court for Richardson County, Nebraska, seeking a declaratory judgment determining the rights of plaintiff and defendants to certain real estate in Richardson County and setting aside a deed to that real estate from defendants-appellees Ralph Bauman and his wife to defendants-appellees Marvin Bauman (Ralph's brother) and his wife, on the ground that the transaction was intended to defraud Burger in its capacity as a judgment creditor.

The district court tried the case as one in equity, and after

trial, held that the conveyance by defendants Ralph Bauman and his wife to Marvin Bauman and his wife was not a fraudulent conveyance. The court further found that the judgment lien held by Burger had become dormant.

Plaintiff timely appealed and in this court contends that the district court erred in certain respects. We do not reach the assignments of error presented by appellant, however. As required by the Nebraska Supreme Court rules, this action should have been stayed by the district court until a showing was made that the automatic stay imposed by 11 U.S.C. § 362 (1982) did not apply or that the automatic stay had been terminated, annulled, modified, or conditioned so as to allow the case to proceed. Accordingly, we remand the cause to the district court, where the action will be stayed until such a showing is made.

Rule 1 of the Bankruptcy Rules for Nebraska District and County Courts (rev. 1992) was in effect at the time of the filing of plaintiff's petition herein. That rule is entitled "Civil Cases in Which a Party has been Named as a Debtor in a Voluntary or Involuntary Bankruptcy Petition" and provides:

> In any civil case pending before this court in which a party has been named as a debtor in a voluntary or an involuntary bankruptcy petition, a Suggestion of Bankruptcy . . . and either a certified copy of the bankruptcy petition or a copy of the bankruptcy petition bearing the filing stamp of the clerk of the bankruptcy court shall be filed by the party named as a debtor or by any other party with knowledge of the bankruptcy petition. Upon the filing of the Suggestion of Bankruptcy . . . no further action will be taken in the case by the court or by the parties until it can be shown to the satisfaction of the court that the automatic stay imposed by 11 U.S.C. § 362 does not apply or that the automatic stay has been terminated, annulled, modified, or conditioned so as to allow the case to proceed. . . .

A similar rule, Neb. Ct. R. of Prac. 11G (rev. 1992), is set out in the procedural rules of the Nebraska appellate courts.

In part, § 362 provides:

> (a) Except as provided in subsection (b) of this section, a

petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.

The record before us does not show that the requirements of the applicable procedural rule of the district court were met by either party in the instant case.

Burger pled, in its amended petition, in part:

5. On October 26, 1982, Ralph Bauman filed requests for protection under the bankruptcy laws of United States [sic], in actions indexed at Case No. BK 82-1859 and BK 82-01860, before the United States Bankruptcy Court for the District of Nebraska. These actions were subsequently removed to the United States District Court for the District of Nebraska (No. CV-85-0-658 and No. CV-85-0-659), and still later, they were transferred to the United States District Court for the Northern District of Texas (CA3-86-0135-F and CA3-86-00136-D).

6. Upon information supplied to the plaintiff, it appeared that Bankruptcy Case No. BK 82-1859, No. CV-85-0-658 and CA3-86-0135-F were dismissed on August 7, 1986 by order of the court, and Bankruptcy Case BK 82-1860, No. CV-85-0-659 and CA3-86-00136-D were also dismissed by order of the court in 1986.

While it was asserted by Burger that Ralph Bauman filed for bankruptcy on October 26, 1982, no Suggestion of Bankruptcy petition was filed, and no copy of the bankruptcy petition was submitted to the court by either party to this action. In their answer to this amended petition, Baumans generally denied everything that was contained in the cause of action referring to the bankruptcy "except those allegations which constitute

admissions against the interest of [Burger]."

As to the automatic stay imposed by § 362, Ralph Bauman testified, under oath, that he had never received an order "terminating the automatic stay" from the bankruptcy court or from the "Federal Court down in Texas," that he did not know if his bankruptcy proceedings had been dismissed or terminated, and that he never received an order from the bankruptcy court discharging him from his debts. In answers to plaintiff's "Request for Admission of Fact," Ralph Bauman denied that his bankruptcy proceeding had been dismissed because "Defendant does not have sufficient knowledge at this time to admit the allegation."

Burger contends that it sought to revive its judgment only as a precautionary measure and is not sure if or when the bankruptcy proceedings ended. In an affidavit, plaintiff's attorney alleged, "Upon your [plaintiff's] best information and belief, [Ralph Bauman's] bankruptcy proceedings have been dismissed."

In this state of the record, it is not possible for the trial court or this court to know anything definitive about the bankruptcy proceedings. The proceedings might be pending or might have been dismissed, or Ralph Bauman might have been discharged from certain debts. All that the record shows is that there was a bankruptcy proceeding, and no party has informed the trial court as to the present posture of that proceeding.

Under bankruptcy rule 1, the district court should have stayed the action until one of the parties showed that relief from the automatic stay imposed by § 362 had been granted. Since this procedure was not followed, this action is remanded to the district court for Richardson County, where the matter will be stayed until such time as proof of the termination of the automatic stay in the bankruptcy proceedings of Ralph Bauman is provided and a showing made as to what bankruptcy orders, if any, have been made concerning the debt between Ralph Bauman and plaintiff.

REMANDED WITH INSTRUCTIONS.